12730

HAYNES v. BANK OF HARTSVILLE
(149 S. E., 330)

*Messrs. Miller & Lawson,* for appellant,

136

[redacted]

*Messrs. Dargan & Paulling* and *J. F. Wilmeth,* for respondent, [redacted]

August 30, 1929.

The opinion of the Court was delivered by Mr. Justice Cothran.

This is an action for $5,000 damages on account of the alleged willful and wanton failure and refusal of the defendant bank to honor a check, dated May 27, 1926, drawn by the plaintiff upon it for $269.97, payable to the order of F. A. Miller. The action was commenced on September 21, 1926.

, The defendant answered, admitting the issuance and presentment for payment of such check, but alleged that the plaintiff was not a depositor with it at the time, in an amount sufficient to pay such check, alleging that the check in question represented a claim and demand of the plaintiff against it for the surplus proceeds of the sale of a certain Liberty Bond theretofore held by the plaintiff as collateral security to a certain note given to it by the plaintiff, which surplus had been credited by the bank to another note, upon which the plaintiff was liable.

The case came on for trial before his Honor, Judge Mann, and a jury at the fall term, 1927, of the Court of Common

Pleas. At the conclusion of the testimony for the plaintiff the defendant made a motion for a nonsuit, which was granted by his Honor, the presiding Judge. From the judgment entered upon said order of nonsuit the plaintiff has appealed.

The grounds for nonsuit urged by the defendant, and sustained by his Honor, the presiding Judge, were as follows:

"(a) Plaintiff had proved no deposit, but had proved a bailment for the benefit of the bailor and the bailee, and had approved and ratified the bailee's sale of the bond.

"(b) There was no evidence that the bailment was converted into a deposit whereby the bank agreed to pay the balance of the proceeds of the bond, on demand; that, on the contrary, the plaintiff had proved that the bank applied the remainder of the proceeds to another debt; and that such action could not support implied agreement to pay the same funds to plaintiff on demand.

"(c) That there can be no contract without a meeting of the minds, and the plaintiff has proved affirmatively that the bank not only did not agree to hold the money in question on deposit and pay it on demand, but that it applied the money to another debt of the plaintiff.

"(d) That there was no allegation of conversion which is an entirely different cause of action requiring different allegations and different evidence, and permitting other defenses."

The facts of the case appear to be these: On February 16, 1922, the plaintiff gave his note to the defendant bank for $402, payable March 1, 1922, with interest after maturity at 8 per cent; that as collateral security the plaintiff hypothecated a certain Liberty Bond. The collateral note described the pledge as follows:

"And to secure the payment of this or any other obligation to said bank, due or to become due, I hereby pledge to said bank, or its assigns, holders of the same, the collaterals

described on the back or herein inclosed, and it hereby is agreed that upon the nonpayment of this obligation said .bank, or the holder thereof, may sell the same at public or private sale, for cash or credit, as a whole or in parcels, at any place in the city of Hartsville, without notice; and said bank or holder may at such sale purchase the same or any part thereof, for its or his own account, and after deducting all costs of sale the balance of the proceeds shall be applied to this obligation, and any surplus to any other note, obligation, bill, overdraft or open account under which the undersigned shall be in any way bound, primarily or secondarily, absolutely or contingently, due or to become due. Upon the discharge of this obligation said bank or holder may deliver the same to the undersigned, or order, but shall have the right to retain the same to answer any other obligation, note, etc., as above described."

The $402 note was not paid at maturity, and thereafter, on or about August 28, 1922, the plaintiff made a payment upon the note of $139.19. On or about August 21, 1924, the bank sold the hypothecated bond and applied the proceeds of the sale, to the extent of $304.21, to the payment of the note, leaving a balance of $269.97. The contest is over this balance. The bank claims that it had the right to and did apply this balance to a note which it held against the firm of Wilburn & Haynes, of which the plaintiff is alleged to have been à member. The plaintiff claims that as, according to the terms of the pledge, the surplus proceeds of the sale of the bond were payable to the plaintiff or his order, it amounted to a deposit account and was subject to his check; that the dishonor of the check created a liability on the part of the bank to him for damages.

Counsel for the plaintiff indiscriminately refers to the check as a draft and a check. While in many instances they are equivalent, the present case is an illustration of a very material difference between them. A check is an order upon the bank to pay the amount of the check due on deposit ac-

count of the drawer; a draft is an order upon another to pay the amount of the draft and charge to the account of the drawer. In this case it appears that, whether rightfully or wrongfully, the bank had applied the surplus proceeds of the sale of the bond to the note referred to, and did not pass them to the credit of the deposit account of the plaintiff.

The plaintiff's alleged cause of action is an exceptional one, and depends upon the existence at the time that the check was drawn and presented for payment of the relation of banker and depositor between the bank and the plaintiff. We find in the case no evidence of the existence of that relation. The most that the plaintiff could claim is that the bank had no authority to apply the balance to the note referred to and was indebted to him in that amount; in other words, the failure of the drawee of a draft to honor the draft which ought to have been honored.

We think his Honor, the Circuit Judge, was entirely right in granting the nonsuit. The order, of course, is without prejudice to any right which the plaintiff may have against the bank for the wrongful application of said proceeds.

The judgment of this Court is that the judgment appealed from be affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES BLEASE and STABLER concur.

MR. JUSTICE CARTER (dissenting): Not being able to agree to the conclusion reached in the leading opinion of the Court in this case, I most respectfully dissent therefrom. I think the testimony made an issue as to whether or not the relation of banker and depositor existed between the defendant and the plaintiff as to the item of $269.97, the amount of the check involved, and that it was error not to submit such issue to the jury, as well as the other issues raised in the case dependent upon the establishment of that issue.

I therefore dissent.